# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LONNIE LEE BANARK,

    Plaintiff,

    v.

JAMES DZURENDA et al.,

    Defendants.

2:16-cv-02555-JCM-GWF

**ORDER**

    This action is a *pro se* civil rights amended complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff has submitted an application to proceed *in forma pauperis*. (ECF No. 1). Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

    The Court entered a screening order on October 17, 2017. (ECF No. 16). A follow-up order imposed a 90-day stay. (ECF No. 18). Plaintiff filed a motion to exclude the case from mediation. (ECF No. 19). After holding a hearing, the Court granted the motion. (ECF No. 25). This case now returns to the normal litigation track.

    Plaintiff also filed a motion to add defendants, acts of retaliation, half-truths, lies, and fabrication of facts to be placed into the public record. (ECF No. 22). Plaintiff references NRS § 239.330 and seeks to add the event described in the motion to the current litigation. (*Id.* at 3). The Court denies this motion. Plaintiff does not have the authority to enforce NRS § 239.330, a criminal statute. Additionally, to the extent that Plaintiff seeks to add a claim to his amended complaint, Plaintiff must file a fully, complete second amended complaint. The Court will not piecemeal documents together to determine what allegations Plaintiff seeks to

raise in his complaint.[1]

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account **(Lonnie Lee Banark, #75288)**, in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office. The Clerk of the Court shall also **SEND** a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

4. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's amended complaint (ECF No. 17) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

---

[1] If Plaintiff chooses to file a second amended complaint he is advised that a second amended complaint supersedes (replaces) the original and amended complaints and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the second amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."

5. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

6. Subject to the findings of the screening order and follow-up order (ECF No. 16, 18), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, *under seal*, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

7. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

8. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the amended complaint within **sixty (60) days** from the date of this order.

9. Henceforth, Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has

not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

10. This case is no longer stayed.

11. The motion to add defendants (ECF No. 22) is denied.

DATED: This __27th__ day of December, 2017.

_____
United States Magistrate Judge