UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LONNIE LEE BANARK, | Case No. 2:16-CV-2555 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| JAMES DZURENDA, et al., | |
| Defendant(s). | |

Presently before the court is defendants Nathan Hughes ("Hughes") and Holly Skulstad's ("Skulstad") (collectively, "defendants") motion for summary judgment. (ECF No. 53). Plaintiff Lonnie Banark ("plaintiff") filed a response (ECF No. 55), to which defendants replied[1] (ECF No. 56).

**I.  Background**

The parties are already familiar with the underlying facts of this § 1983 prisoner's civil rights action. *See* (ECF No. 16). Therefore, the court need not recite them again herein. However, the court will describe, in relevant detail, the procedural history that has led to the instant motion.

Plaintiff initiated this action in federal court on November 3, 2016. (ECF No. 1). On October 17, 2017, the court entered a screening order allowing plaintiff to file an amended complaint. (ECF No. 16). On the same day, the court filed plaintiff's first amended complaint, which asserted three causes of action against various defendants for (1) violation of the Eighth Amendment (cruel and unusual punishment and deliberate medical indifference); (2) retaliation

---

[1] Defendants also filed a supplemental brief to their motion. (ECF No. 58).

**James C. Mahan**
**U.S. District Judge**

in violation of the First Amendment; and (3) a request for a "replacement social security card." (ECF No. 17).

On November 28, 2018, Magistrate Judge Foley entered an order specifying that this action would proceed against defendants Thomas, Hughes, and Skulstad on plaintiff's second claim for retaliation, pursuant to the court's previous screening order. (ECF No. 18).

On July 25, 2018, defendants filed the instant motion for summary judgment, which the court will now address. (ECF No. 53).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving

party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   Discussion**

Defendants argue that they are entitled to summary judgment because plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). (ECF No. 53 at 4–5).

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Unless the failure to exhaust is clear from the face of the complaint, the defense must be raised in a motion for summary judgment. *See id.* (overruling in part *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts [in a preliminary proceeding]." *Id.* at 1168, 1170–71 (citations omitted).

"Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery related to the merits of the suit." *Id.* at 1170 (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). Where a defendant shows that the plaintiff failed to exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

Here, defendants argue (and plaintiff does not dispute) that plaintiff has failed to take full advantage of the Nevada Department of Corrections' ("NDOC") grievance policy with respect to his retaliation claim, and therefore his sole remaining claim must be dismissed for failure to

exhaust. (ECF No. 53); *see* (ECF No. 55). Specifically, defendants describe the NDOC inmate grievance procedure as follows:

> Inmates incarcerated within NDOC institutions may grieve "conditions of institutional life" pursuant to AR 740. *See* Exhibit D (Administrative Regulation 740). Ordinarily, the NDOC grievance process begins at the informal level. If the inmate is unable to resolve the issue through discussion with an institutional caseworker, *see* AR 740.04, the inmate is to file an informal grievance "[w]ithin six (6) months if the issue involves personal property damages or loss, personal injury, medical claims or any other tort claims, including civil rights claims[,]" AR 740.05(4). An inmate who is dissatisfied with the informal response may appeal to the first formal level within five days. AR 740.05(12). At the first formal level, officials of a higher level respond. *See* AR 740.06(1). The inmate also "shall provide a signed, sworn declaration of facts that form the basis for a claim that the informal response is correct. Any additional relevant documentation should be attached at this level." AR 740.06(2). Within five days of a dissatisfactory first-level response, the inmate may appeal to the formal second level, which is subject to still-higher review. *See* AR 740.07(1).

(ECF No. 53 at 5–6). *See also* (ECF No. 58-1).

The court finds that defendants describe the applicable inmate grievance procedures accurately, with the exception that an inmate must file an informal grievance "[w]ithin *one (1) month* if the issue involves personal property damages or loss, personal injury, medical claims or any other tort claims, including civil rights claims," rather than "six (6) months," as defendants suggest. (ECF No. 58-1 at 7) (emphasis added). *See* (ECF No. 53 at 5).

Nevertheless, defendants note that, according to NDOC grievance history records, plaintiff has "only grieved the [retaliation] issue to the first level, and after their denials never proceeded to the second levels as required." *Id.* at 6. The court finds that plaintiff's inmate grievance history (ECF No. 53-5) supports defendants' argument, and indeed plaintiff does not dispute this assertion. *See id*; (ECF No. 55).

Accordingly, the court finds that plaintiff has failed to exhaust his administrative remedies and must therefore grant defendants' motion for summary judgment. *See Albino*, 747 F.3d at 1168, 1170-71.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants Hughes and Skulstad's motion for summary judgment (ECF No. 53) be, and the same hereby is, GRANTED.

The clerk of court is instructed to enter judgment accordingly and close the case.

DATED December 20, 2018.

_____
UNITED STATES DISTRICT JUDGE