UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LONNIE LEE BANARK, | Case No. 2:16-CV-2555 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| JAMES DZURENDA, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Banark v. Dzurenda et al.*, case no. 2:16-cv-02555-JCM-GWF. On December 20, 2018, the court granted defendants' motion for summary judgment and dismissed plaintiff Lonnie Lee Banark's single remaining retaliation claim. (ECF No. 59). Plaintiff has filed an objection to the court's decision to close case (ECF No. 61) and a motion to reopen the case (ECF No. 64). Defendants Nathan Hughes and Holly Skulstad responded to the objection (ECF No. 63) and notified the court that they considered the motion to reopen the case to be a reply thereto (*see* ECF No. 65).

Ordinarily, "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d). However, "the standard practice of federal courts is to interpret filings by pro se litigants liberally and to afford greater latitude as a matter of judicial discretion." *Ricotta v. California*, 4 F. Supp. 2d 961, 986 (S.D. Cal. 1998). On the other hand, this court "lacks the power to act as a party's lawyer, even for pro se litigants." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

Plaintiff provides no basis for the court to reconsider its order granting summary judgment. (ECF No. 61). Plaintiff does not argue that he exhausted his administrative remedies,

**James C. Mahan**
**U.S. District Judge**

that there has been an intervening change in law,[1] or that there is newly discovered evidence. *Id.* The court—even when liberally construing plaintiff's motion—is compelled to deny the motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's objection to the court's decision to close the case (ECF No. 61) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to reopen case (ECF No. 64) be, and the same hereby is, DENIED.

DATED December 3, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff mentions an appeal before the Ninth Circuit and a habeas corpus proceeding but does not explain in any way how those unrelated actions have any bearing on the instant case.